UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHA OUMAR DIALLO,

          Petitioner,

Case No. 2:21-cv-11420

HONORABLE STEPHEN J. MURPHY, III

v.

MICHELLE FLOYD,

          Respondent.
                                   /

**OPINION AND ORDER
DISMISSING PETITION [3] AND DENYING CERTIFICATE OF
APPEALABILITY AND IN FORMA PAUPERIS STATUS ON APPEAL**

Petitioner Alpha Oumar Diallo is a prisoner at the Cooper Street Correctional Facility in Jackson, Michigan. ECF 3, PgID 1888. A jury in Washtenaw County Circuit Court convicted him of reckless driving causing death in violation of Mich. Comp. Laws § 257.626(4), two counts of reckless driving causing body function impairment in violation of § 257.626(3), moving violation causing death in violation of § 257.601d(1), and two counts of moving violation causing body function impairment in violation of § 257.601d(2). *People v. Diallo*, No. 342800, 2019 WL 3312536, at *1 (Mich. Ct. App. July 23, 2019) (per curiam), *appeal denied*, 505 Mich. 1039 (2020). Petitioner is serving six to fifteen years in prison for the reckless driving causing death conviction and three to five years for the remaining conviction. ECF 3, PgID 1889.

Petitioner, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the convictions on three grounds. ECF 3, PgID 1890.

1

First, Petitioner claimed that the search warrant for his cellphone lacked probable cause. *Id.* Second, Petitioner argued that the trial court erred when it denied a motion to suppress evidence because the search warrant allegedly lacked probable cause. *Id.* And third, Petitioner asserted that the trial court inadequately instructed the jury on the meaning of "willful or wanton" conduct. *Id.* Because Petitioner's claims lack merit, the Court will sua sponte dismiss the petition. The Court will also deny Petitioner both a certificate of appealability and leave to proceed in forma pauperis on appeal.

## BACKGROUND

Petitioner caused a serious traffic accident while driving a semitruck trailer at sixty-five miles per hour on the highway. *Diallo*, 2019 WL 3312536, at *1. The semitruck rear-ended a Toyota Corolla, seriously injuring its driver and killing its passenger. *Id.* A passenger in a Chevrolet Impala was also seriously injured in the crash. *Id.*

Before his trial, Petitioner challenged the search warrant that police had obtained to search his cellphone. ECF 3-6, PgID 1981. At first, the trial court granted the motion. *Id.* at 1986–87. But after supplemental briefing, the trial court reversed the order and denied the motion, reasoning that the trial court needed to defer to the magistrate who authorized the search warrant. ECF No. 3-7, PgID 2000.

After the trial court sentenced Petitioner to prison for his convictions, Petitioner appealed the convictions on four grounds. First, he claimed the police obtained an invalid search warrant for his cell phone. *Diallo*, 2019 WL 3312536, at *1–3. Second, he argued the prosecutor committed misconduct by improperly

2

bolstering prosecution witnesses' testimony. *Id.* at *3–4. Third, he asserted that the model jury instructions violated state law. *Id.* at *5–7. And fourth, he alleged that the prosecutors violated *Batson v. Kentucky*, 476 U.S. 79 (1986), by removing two prospective African American jurors. *Diallo*, 2019 WL 3312536, at *7–8.

The Michigan Court of Appeals denied Petitioner's appeal on all but one ground. *Id.* at *8. The Court of Appeals held that the trial court erred only by "instruct[ing] the jury on both moving violation causing death and reckless driving causing death." *Id.* As a result, the Court of Appeals vacated Petitioner's conviction for moving violation causing death. *Id.*

## LEGAL STANDARD

The Court may only grant habeas relief to a state prisoner if a state court adjudicated his claims on the merits and the state court adjudication was "contrary to" or led to an "unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at'" a different result. *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state court unreasonably applies Supreme Court precedent only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). A merely "incorrect or erroneous"

3

application is insufficient. *Id*. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision follows clearly established federal law as determined by the Supreme Court when the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Federal courts presume the accuracy of a state court's factual determinations on habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). "The rules governing § 2254 cases provide that the court shall promptly examine a petition to determine 'if it plainly appears from the face of the

4

petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting *Rule 4 Governing Section 2254 Proceedings for the United States District Courts*). After conducting this initial inquiry, "[i]f the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." *Id.* (citing *McFarland*, 512 U.S. at 856). Federal courts therefore have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face" including a petition that is "frivolous, or obviously lacking in merit." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). No response to a habeas petition is necessary where the facts can be determined from the petition itself. *Id.*

## DISCUSSION

The Court will deny Petitioner's three claims in turn. After, the Court will deny a certificate of appealability and leave to appeal in forma pauperis.

I. <u>Search Warrant</u>

Petitioner first claimed that the affidavit used to obtain the search warrant for his cellphone lacked probable cause, because it was uncorroborated, lacked particularity, and failed to establish the affiant's "knowledge, experience, and training." ECF 3, PgID 1903–05. The Michigan Court of Appeals rejected the same argument on direct appeal because the affidavit described the accident with enough detail to allow the magistrate judge to reasonably "infer that [Petitioner] may have been using his phone at the time of the accident." *Diallo*, 2019 WL 3312536, at *3. "[B]ecause witnesses suggested that [Petitioner] did not brake until he hit the first

5

car and [because Petitioner] admitted that he was listening to music on his phone," the totality of the circumstances supported a "'substantial basis' for [] finding [] probable cause that defendant was using his phone at the time of the accident and, therefore, had been driving recklessly and committed a moving traffic violation." *Id.* (citation omitted).

The Fourth Amendment states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." U.S. Const., Amend. IV. State prisoners are generally precluded from obtaining federal habeas corpus relief based on a Fourth Amendment claim. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

"[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). "Habeas relief is possible only when the Fourth Amendment claim is 'frustrated by a failure of that mechanism.'" *Hurick v. Woods*, 672 F. App'x 520, 535 (6th Cir. 2016) (quotation omitted).

The Sixth Circuit recently rejected a § 2254 challenge to an arrest warrant because "Michigan provide[s] an adequate avenue to raise a Fourth Amendment

6

claim." *Id*. With no "basis to conclude that [the] claim was frustrated by a failure in Michigan's Fourth–Amendment-review mechanism," the claim lacked merit. *Id*.

The same rule applies here. Petitioner never alleged that he lacked an avenue for raising a Fourth Amendment challenge in state court. *See generally* ECF 3. Indeed, Petitioner raised the issue in the trial court by motion, ECF 3-6, PgID 1981, and then in his appeal after his trial, *Diallo*, 2019 WL 3312536, at *1. Because Petitioner had a "full and fair" opportunity to make the same arguments in state court, the Court is precluded from reviewing the Fourth Amendment claim. *Powell*, 428 U.S. at 482. The Court will therefore deny relief on the first claim.

II.  Motion to Suppress

The Court will deny Petitioner's second claim for the same reasons as the first claim. Because Petitioner had a full and fair opportunity to raise the trial court's order denying the motion to suppress in state court, the Court is precluded from reviewing the claim. *Powell*, 428 U.S. at 482.

III.  Jury Instruction

Last, Petitioner argued that the trial court violated his Fifth and Fourteenth Amendment rights by the trial court's "willful or wanton" jury instruction. Petitioner asserted that the trial court should have provided "greater clarification to the meaning of 'willful or wanton' and by failing to do so, [the trial court] provided the jurors with inadequate understanding of the elements of the charged offenses." ECF 3, PgID 1921. The proper "willful or wanton" standard, Petitioner contends, is the

7

three-factor test detailed in *Gibbard v. Cursan*, 225 Mich. 311 (1923). ECF 3, PgID 1919.

The Court of Appeals held that the jury instruction was "imperfect under [Petitioner's] argued-for definitions." *Diallo*, 2019 WL 3312536, at *7. But the Court of Appeals concluded that any unfairness would have been against the prosecutor, not Petitioner, and thus harmless error would apply. *Id.*

In the present motion, Petitioner objected to the jury instruction for the second element of reckless driving causing death:

> [T]hat the defendant drove the motor vehicle in willful or wanton disregard for the safety of persons or property. Willful or wanton disregard means more than simple carelessness, but does not require proof of an intent to cause harm. It means knowingly disregarding the possible risks to the safety or people or property.

ECF 3-10, PgID 2813.

The trial court provided the same instruction for the willful or wanton element for the reckless driving causing serious body function impairment charge. *Id.* at 2814. The trial court also instructed the jury that "excessive speed alone" would not support finding a defendant reckless, as it "does not alone constitute willful or wanton disregard for the safety of others." *Id.* at 2816. After the trial court's instructions, defense counsel conveyed his satisfaction with them. *Id.* at 2821.

In any event, Petitioner's claim fails. In general, "[w]here the trial court instructs the jury in accordance with state law and sufficiently addresses the matters of law at issue, no error results and the petitioner is not entitled to habeas relief." *White v. Mitchell*, 431 F.3d 517, 534–35 (6th Cir. 2005) (citation omitted). Even an

8

allegation that a jury instruction was incorrect under state law is not a basis for federal habeas relief. A*mbrose v. Romanowski*, 621 F. App'x 808, 813 (6th Cir. 2015) (citation omitted).

Rather, "a habeas petitioner's claimed error regarding 'jury instructions must be so egregious that [it] render[ed] the entire trial fundamentally unfair. Without such a showing, no constitutional violation is established and the petitioner is not entitled to relief.'" *Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1078 (6th Cir. 2015) (quoting *White*, 431 F.3d at 533) (alterations in original). Put another way, the question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Ambrose*, 621 F. App'x at 813 (quotations omitted). "It is not enough that the instruction was 'undesirable, erroneous, or even universally condemned.'" *Id.* (quotation omitted). Instead, the Court must consider all the jury instructions along with the trial record. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Petitioner's challenge to the jury instruction does not overcome the "highly deferential standard for evaluating state-court rulings." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation omitted). For one, Petitioner's argument about the proper standard for the jury instruction hinges on Michigan case law, which does not support federal habeas corpus relief. *Ambrose*, 621 F. App'x at 813. For another, Petitioner identified no clearly established federal precedent to support relief under 28 U.S.C. § 2254(d)(1).

Beyond that, habeas relief is unavailable for "erroneous, or even 'universally condemned'" jury instructions, *Ambrose*, 621 F. App'x at 813, unless the instruction "infect[s] the entire trial" with unfairness. *Cupp*, 414 U.S. at 147. Petitioner has failed to show that his proposed instructions and those given, which both address elements of knowledge and disregard of apparent risk, differ so significantly as to offend due process.

Finally, Petitioner's argument relies heavily on new factual interpretations and extensive speculation, which the Court cannot revisit. Instead, the Court must defer to the trier of fact's findings. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). The state courts' factual findings are also presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). Petitioner therefore fails to rebut the presumption of correctness under the "clear and convincing" standard. 28 U.S.C. § 2254(e)(1). In sum, the Court will deny the final ground for relief.

IV.     Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation

omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability.

The Court will also deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [3] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

            s/ Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: August 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2021, by electronic and/or ordinary mail.

            s/ David P. Parker
            Case Manager